UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN D. BRADLEY,

                    Plaintiff,

          v.

CHRISTIAN A. PRESTEEN et al.,

                    Defendants.

CASE NO. 2:20-cv-00767-LK-BAT

ORDER DISMISSING CASE

This matter comes before the Court on Plaintiff Brian Bradley's Motion to Confirm Default Judgment and Service of Process, Dkt. No. 69, and his Response to the Court's Order to Show Cause, Dkt. No. 73. For the reasons stated below, the Court dismisses this case.

## I.    BACKGROUND

Bradley filed suit against various Washington state defendants and Christian Presteen in Snohomish County Superior Court on January 9, 2020. Dkt. No. 3-1. He amended his complaint in March 2020, Dkt. No. 3-4, and served Presteen on May 15, 2020, Dkt. No. 66-1. On May 21, 2020, the Washington state defendants removed the case to this court. Dkt. No. 1. Presteen never appeared.

ORDER DISMISSING CASE - 1

On May 9, 2025, this Court granted the Washington state defendants' motion for summary judgment and ordered Bradley to show cause within 14 days why his claims against Presteen should not be dismissed. Dkt. No. 62. Bradley filed an untimely response, Dkt. No. 63, and subsequently filed a motion for default against Presteen, Dkt. No. 65. On June 24, 2025, the Clerk entered default as to Presteen. Dkt. No. 67. Seven months passed without any action, so the Court again ordered Bradley to show cause why his claims against Presteen should not be dismissed. Dkt. No. 68. On February 25, 2026, Bradley filed a "motion to confirm default . . . and service of process," Dkt. No. 69, and a separate response attempting to show cause for his failure to prosecute the case, Dkt. No. 73.

## II.   DISCUSSION

**A.      Bradley's Submissions**

Bradley's "Motion to Confirm Default Judgment and Service of Process Under Fed. R. Civ. P. 5(B)(2)(D)" states that Bradley is "entitled to Default Judgment against Defendant Presteen and has made diligent and thorough efforts to complete process service[.]" Dkt. No. 69 at 2 (capitalization modified). Bradley says that his "concerted efforts  have been somewhat fruitless as neither [he] nor his counsel, have successfully completed service of process nor do they have conclusive leads as to the whereabouts of [Presteen], except for that he is thought to be homeless and otherwise has been unresponsive to attempts to complete process service." *Id.* Bradley requests that the Court "confirm the default judgment[.]" *Id.* at 3. This motion is procedurally improper[1]

---

[1] "Confirming" a default judgment is not an actionable request and, in any event, there is not yet a default judgment to "confirm." Moreover, it is entirely unclear what relief the motion seeks. For example, Bradley requests that the Court "allow for service of process by leaving process materials with the clerk of this court pursuant to Fed. R. Civ. P. 5(b)(2)(D)," *id.* at 3, but he previously represented to the Court that he accomplished service of Presteen on May 15, 2020, Dkt. No. 66 at 1; Dkt. No. 66-1 at 1–2. Absent such representation, the Clerk could not have entered default. LCR 55(a) ("The affidavit [in support of a motion for entry of default] shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4.").

ORDER DISMISSING CASE - 2

and fails to discuss any of the factors relevant to determining whether a motion for default judgment should be granted. *See Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

Bradley's response to the Court's order to show cause fares no better than his motion. Dkt. No. 73. His response states the following:

- "Plaintiff notes that since the time of the initial filing of the Motion for Default in this matter, Defendant Presteen, who had previously been incarcerated at the time this action was initiated, [was] released from custody."

- "Plaintiff sought to complete service of process onto Defendant Presteen with respect to the pending Motion for Default against Defendant Presteen and made efforts to effect service of process."

- "Having been unable to ascertain a current address for this purpose, Plaintiff has since this time submitted notice of the default hearing as well as the motion and proposed order for default to the Clerk of the U.S. District Court of Western Washington pursuant to Fed. R. Civ. P. 5(b)(2)(D) as Defendant Presteen's address is unknown, and this Defendant is presumed to be homeless and living among the community."

*Id.* at 1–2 (capitalization modified).

**B.    Legal Standard**

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte . . . 'for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.'" (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003))). Before doing so, courts must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (citations omitted).

ORDER DISMISSING CASE - 3

**C.     Dismissal is Appropriate Under These Circumstances**

The Court analyzes the five *Applied Underwriters* factors, 913 F.3d at 890, and determines that dismissal is appropriate. First, the expeditious resolution of litigation "always favors dismissal," *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and it certainly does so here given Bradley's extremely belated attempts to litigate against Presteen. Presteen was served with the complaint and summons at the start of this litigation, nearly six years ago and before the case was removed to this court. Dkt. No. 66-1. Presteen has never made an appearance in this case, yet Bradley did not seek entry of default against him until the Court entered summary judgment in favor of the remaining defendants and ordered him to show cause why his claims against Presteen should not be dismissed. Dkt. No. 62. Bradley's response to the Court's order to show cause was untimely, Dkt. No. 63, and the Court again had to prompt him to show cause why his claims against Presteen should not be dismissed for failure to prosecute when he had not yet moved for default judgment nearly nine months later, Dkt. No. 68. To date, now nearly one year after the Court first ordered Bradley to show cause why the remaining claims should not be dismissed, Dkt. No. 62, Bradley has not moved for default judgment. Any opportunity for Bradley to expeditiously resolve this litigation has long passed. The Court finds that this delay has reached the point of "interfer[ing] with  . . . the public interest." *Ash*, 739 F.2d at 496.

Second, the Court's need to manage its docket is substantial. As discussed above, Bradley has repeatedly failed to properly litigate his claims against Presteen, only attempting to move the case forward when specifically prompted by the Court. *See* Dkt. Nos. 62–73. "[T]he Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant." *Pacheco v. Selma Unified Sch. Dist.*, No. 1:25-CV-00654-JLT-SAB, 2025 WL 1798378, at *1 (E.D. Cal. June 30, 2025), *report and recommendation adopted,*  2025 WL 2144721 (E.D. Cal. July 29, 2025). Indeed, "trial courts do not have time to waste on multiple failures by aspiring

ORDER DISMISSING CASE - 4

litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal).

Third, the risk of prejudice to Presteen is significant. Presteen was served with the complaint and summons at the start of this litigation, nearly six years ago and before the case was removed to this court. Dkt. No. 66-1. Since then, Presteen, "who had previously been incarcerated at the time this action was initiated, [was] released from custody." Dkt. No. 73 at 1. He cannot be located, his "address is unknown," and he is "presumed to be homeless[.]" *Id.* at 2. Should this case continue, and Bradley ultimately demonstrate entitlement to a default judgment against Presteen—something he failed to do in his most recent motion, Dkt. No. 69—the Court would have serious due process concerns with issuing such default judgment. For one, the amended complaint does not clearly indicate the cause(s) of action for which Presteen is alleged to be liable. *See* Dkt. No. 1-2 at 4–9 (Presteen not listed as causing injury under any cause of action). "The fundamental requisite of due process of law is the opportunity to be heard" and "[t]his right . . . has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Sacramento Area Elec. Workers Health & Welfare Tr. v. FAMCO*, No. 17-CV-03823-BLF, 2019 WL 13203780, at *2 (N.D. Cal. Nov. 20, 2019) (a defendant must be "put on notice of the damages being sought against [him] so that he may make a calculated decision as to whether or not it is in his best interest to answer" (citation omitted)). Given the allegations as phrased in the complaint and the dilatory behavior by Bradley, the Court finds that there would be a significant risk of prejudice to Presteen if the case were to continue. *See, e.g.*, *Ellington v. LS Brianna Martin for*, No. CV-22-01782-PHX-SMB, 2023 WL 4237330, at *4 (D. Ariz. June 28, 2023) (vacating default judgment as void on due process grounds). There is also a risk of prejudice from the inevitable and inherent risk that evidence will become stale or

ORDER DISMISSING CASE - 5

witnesses' memories will fade or be unavailable as delays continue. *See Sibron v. New York*, 392 U.S. 40, 57 (1968) ("[L]itigation is better conducted when the dispute is fresh and additional facts may, if necessary, be taken without a substantial risk that witnesses will die or memories fade.").

Fourth, the Court acknowledges that public policy favors disposition on the merits. *See Applied Underwriters*, 913 F.3d at 890. However, Bradley plans to move for default judgment, *see generally* Dkt. No. 69, a disposition not on the merits. Nothing in Bradley's submission suggests a disposition on the merits will be possible given Bradley's inability to locate Presteen. *See generally* Dkt. No. 73.

Finally, the Court considers whether less drastic alternatives are appropriate. As discussed above, Bradley has only attempted to litigate his claims against Presteen when specifically prompted by the Court. *See* Dkt. Nos. 62–73. The Court has repeatedly tried to prod Bradley into action, yet he has failed to meaningfully prosecute the case against Presteen. Perhaps "if the court issues enough reminders, orders, and threats," Bradley will "eventually do what is needed to secure whatever relief [he] is legally entitled to recover." *Liberty Mut. Ins. Co. v. Bella Transp.*, No. 07-CV-716 (CBA) (JO), 2009 WL 1606489, at *10 (E.D.N.Y. June 8, 2009). But it appears that Bradley's "inertia will continue unless and until the court prods him to action once again"—"as a result, any lesser sanction that allows [Bradley] to proceed with his claims at this stage necessarily undermines the court's impartial role, . . . protecting [Bradley] against his own lapses [and] . . . implicitly . . . taking sides in the legal dispute[.]" *Id.* at 11 (citation modified). Therefore, the Court finds dismissal to be the only appropriate solution at this stage. *See, e.g.*, *U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC*, No. 13-CV-1598 (DLI)(SIL), 2017 WL 4480869, at *6 (E.D.N.Y. Sept. 30, 2017) ("[T]his Court cannot overlook the fact that, for years while this case proceeded, Plaintiff failed to follow [the default judgment] process," and "[a]ccordingly, the Court exercises its discretion to dismiss Plaintiff's claim[.]"); *Burst v. M/V Xing XI Hai*, No. CV

20-374-JWD-SDJ, 2023 WL 3048118, at *8 (M.D. La. Feb. 3, 2023), *report and recommendation adopted*, 2023 WL 3047378 (M.D. La. Apr. 21, 2023) (dismissal for failure to prosecute appropriate when plaintiff's "attorney began taking additional steps to move [the] case forward . . . only *after* receiving the Court's [] Show Cause Order" and "the steps taken were not even effective"); *Pacheco*, 2025 WL 1798378, at *1 (dismissing case for failure to prosecute because "[t]his case cannot linger indefinitely on this Court's already overburdened docket").

### III.   CONCLUSION

For the foregoing reasons, the Courts DISMISSES this case. The Clerk is directed to close the case.

Dated this 8th day of April, 2026.

Lauren King
United States District Judge

ORDER DISMISSING CASE - 7